IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT,<br><br>Defendant. | CR 10-22-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Scott was accused of violating his conditions of supervised release by: (1) committing a new crime; (2) leaving the judicial district without permission; (3) using marijuana; (4) using hydrocodone without a prescription; (5) failing to report for substance abuse testing; and (6) failing to report for substance abuse treatment. He admitted to the violations. Mr. Scott's supervised release should be revoked.

1

He should be placed in custody for eight months, with no supervised release to follow.

## II.  Status

Mr. Scott pleaded guilty of to the crime of Assault Resulting in Serious Bodily Injury in April 2010.  He was sentenced to 33 months of incarceration, followed by 36 months of supervised release.  (Doc. 23.)  His first term of supervised release began on August 14, 2012.  (Doc. 25.)

On January 15, 2013, Mr. Scott's supervised release was revoked because he violated its conditions by failing to: participate in substance abuse treatment, participate in substance abuse testing, follow the instructions of his probation officer, and notify his probation officer of a change in address.  He was sentenced to 11 months of custody, with 24 months of supervised release.  (Doc. 35.)  His second term of supervision began on October 18, 2013.  (Doc. 37.)

On January 15, 2014, Mr. Scott's supervised release was revoked because he used a controlled substance and alcohol and failed to participate in substance abuse treatment.  He was sentenced to six months of custody and 19 months of supervised release.  (Doc. 46.)  Mr. Scott's third term of supervised release began on July 7, 2014.  (Doc. 33.)

On February 25, 2014, Mr. Scott's supervised release was revoked because

he violated its terms by failing to notify his probation officer of a change in address, using alcohol, failing to participate in substance abuse testing, and failing to participate in substance abuse treatment. Mr. Scott was sentenced to six months of custody and 13 months of supervised release. (Doc. 62.) Mr. Scott began his current term of supervision on July 17, 2015. (Doc. 65.) On November 12, 2015, the United States Probation Office filed a Report of Offender under Supervision to inform the Court that Mr. Scott had consumed marijuana, failed to report as directed, failed to report for substance abuse treatment, and failed to report for substance abuse testing. (Doc. 64.)

**Petition**

On December 8, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Scott's supervised release. In the petition, the Probation Office accused Mr. Scott of committing a new crime in violation of the Preamble to the Standard Conditions of his supervised release. The Probation Office accused Mr. Scott of leaving the District of Montana without permission in violation of Standard Condition 1. The Probation Office accused Mr. Scott of violating Standard Condition 7 by using marijuana. The petition alleged Mr. Scott violated Standard Condition 7 by using hydrocodone without a valid prescription. The petition also alleged Mr. Scott violated Special Condition 1 of his supervised

3

release by failing to report for substance abuse testing. Finally, the petition alleged Mr. Scott violated Special Condition 2 of his supervised release by failing to report for substance abuse treatment. (Doc. 65.) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Scott's arrest. (Doc. 66.)

**Initial appearance**

Mr. Scott appeared before the undersigned on December 15, 2015, in Great Falls, Montana. Federal Defender Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Scott said he had read the petition and understood the allegations. He did not contest the alleged violation. Mr. Scott waived the preliminary hearing, and the parties consented to the jurisdiction of a magistrate judge for the revocation hearing.

**Revocation hearing**

On December 15, 2015, Mr. Scott appeared at the revocation hearing with Mr. Branom. Mr. Weldon appeared on behalf of the United States.

Mr. Scott admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Scott's supervised release.

Mr. Scott's violation grade is Grade C, his criminal history category is III,

4

and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 13 months, less any custodial time imposed.  The United States Sentencing Guidelines call for five to 11 months in custody.

Mr. Branom requested that Mr. Scott receive a sentence below or at the low end of the guideline range.  Mr. Branom noted that this is the longest period of time Mr. Scott has been on supervised release and was the most productive time in his life.  Mr. Branom argued continued supervision would not be an efficient use of government resources and noted Mr. Scott can take advantage of services on the reservation after custody if he wants to.  Mr. Weldon argued a sentence of 11 months of incarceration, followed by no supervision, would be appropriate.  Mr. Weldon argued a sentence at the high end of the guideline range would be appropriate given the seriousness of the underlying offense and the government's concern that Mr. Scott is a danger to himself and to society when he is intoxicated.

Mr. Scott addressed the Court.  He said he does not want to go back to prison and wants to return home to his family.

### III.  Analysis

Mr. Scott's supervised release should be revoked because he admitted violating its conditions.  Mr. Scott should be incarcerated for 8 months, with no

supervised release to follow.  A midrange sentence will sufficient but will not be greater than necessary.  Based on the parties' recommendation and Mr. Scott's apparent inability to comply with the terms of supervised release, the undersigned concludes continued supervision is not appropriate in this case.

## IV. Conclusion

Mr. Scott was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Scott's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Scott's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> 1. Luke John Scott violated the Preamble to the Standard Conditions of his supervised release by committing a new crime when was arrested for shoplifting on November 27, 2015, and pleaded guilty to shoplifting on November 30, 2015.
>
> 2. Luke John Scott violated Standard Condition 1 of his supervised release by leaving the District of Montana without permission when he traveled to North Dakota on November 27, 2015.
>
> 3. Luke John Scott violated Standard Condition 7 of his supervised release by using marijuana on or about November 16, 2015.
>
> 4. Luke John Scott violated Standard Condition 7 of his supervised release by taking hydrocodone without a valid prescription on

November 19, 2015.

5. Luke John Scott violated Special Condition 1 of his supervised release by failing to report for substance abuse testing on November 5, 2015, and November 27, 2015.

6. Luke John Scott violated Special Condition 2 of his supervised release by failing to report for substance abuse treatment on November 11, 2015.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Scott's supervised release and committing Mr. Scott to the custody of the United States Bureau of Prisons for eight months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 21sr day of December, 2015.

_____
John Johnston
United States Magistrate Judge